# SEALED

**Office of the United States Attorney**
District of Nevada
333 Las Vegas Blvd., South, Ste. 5000
Las Vegas, Nevada 89101
(702) 388-6336

1 DANIEL G. BOGDEN
United States Attorney
2 BRIAN PUGH
Assistant United States Attorney
3 333 Las Vegas Blvd., S., Suite 5000
Las Vegas, Nevada 89101
4 (702) 388-6050

5

6 # UNITED STATES DISTRICT COURT

7 ## DISTRICT OF NEVADA

8 -oOo-

9

| | | |
|---|---|---|
| 10 UNITED STATES OF AMERICA, | ) | CRIMINAL INFORMATION |
| | ) | |
| 11 PLAINTIFF, | ) | CASE NO.   2:09-cr-419-PMP-LRL |
| | ) | |
| 12 VS. | ) | VIOLATION: |
| | ) | |
| 13 BRETT GIBBS | ) | 18 U.S.C. § 1344 - Bank fraud |
| | ) | 18 U.S.C. § 2 - Aiding and abetting |
| 14 DEFENDANT. | ) | |

15

16 **THE UNITED STATES ATTORNEY FOR THE DISTRICT OF NEVADA CHARGES THAT:**

17

18 ### COUNT ONE
Bank Fraud

19    1.    From on or about April 1, 2006, to on or about December 31, 2006, in the Federal

20 District of Nevada and elsewhere,

21 **BRETT GIBBS**

22 defendant herein, did devise and intend to devise a scheme and artifice to defraud and for obtaining

23 money and property under the custody and control of a federally-insured financial institution, namely,

24 U.S. Bank, by means of false and fraudulent pretenses, representations and promises that would cause

25 a bank to part with money or property.

26 . . .

The Scheme and Artifice

2.    It was part of the scheme and artifice that defendant caused straw buyers to apply for mortgage loans from federally-insured financial institutions to purchase properties. Through these transactions, defendants obtained money from financial institutions by causing money from the mortgage loans to be diverted to the use and benefit of his coconspirator(s).

3.    It was further part of the scheme and artifice that defendant knowingly placed and caused to be placed on the straw buyers loan applications and supporting documentation, materially false information regarding straw buyers' places of employment, income, assets, and intention to occupy the properties as their primary residences which information defendants then and there well knew to be false.

4.    It was further part of the scheme and artifice that defendant caused title and escrow companies to disperse a portion of the loan money from the straw buyer transactions to the use and benefit of his coconspirator(s).

Bank Fraud

5.    On or about January 10, 2006, in the State and Federal District of Nevada and elsewhere, the defendant, **BRETT GIBBS**, for the purpose of executing and attempting to execute the above described scheme and artifice, did knowingly cause to be submitted to U.S. Bank, a federally-insured financial institution, a mortgage loan application containing false and fraudulent pretenses, representations and promises, to cause U.S. Bank to loan money on the purchase of 11505Lonepoint Ct., Las Vegas, Nevada, by straw buyer and coconspirator Brett Depue, all in violation of Title 18, United States Code, Sections 1344 and 2:

**FORFEITURE ALLEGATION ONE**
(Bank Fraud)

1.    The allegation of Count One of this Information is hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of

2

1 | Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2 |     2.    Upon a conviction of the felony offense charged in Count One of this Information,

3 | **BRETT GIBBS**

4 | defendant herein, shall forfeit to the United States of America, any property constituting, or

5 | derived from, proceeds traceable to violations of Title 18, United States Code, Section 1344 or a

6 | conspiracy to commit such offense up to $493,600.

7 |     3.    If any property being subject to forfeiture pursuant to Title 18, United States

8 | Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any

9 | act or omission of the defendants –

10 |     a.    cannot be located upon the exercise of due diligence;

11 |     b.    has been transferred or sold to, or deposited with, a third party;

12 |     c.    has been place beyond the jurisdiction of the court;

13 |     d.    has been substantially diminished in value, or;

14 |     e.    has been commingled with other property that cannot be divided without

15 |     difficulty;

16 | it is the intent of the United States of America to seek forfeiture of any properties of the defendant

17 | up to $493,600.

18 | All pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States

19 | Code, Section 2461(c); Title 18, United States Code, Section 1344; and Title 21, United States

20 | Code, Section 853(p).

21 |

22 | **FORFEITURE ALLEGATION TWO**
(Bank Fraud)

23 |     1.    The allegation of Count One of this Information is hereby realleged and

24 | incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of

25 | Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section

26 | 2461(c).

2.   Upon a conviction of the felony offense charged in Count One of this Information,

**BRETT GIBBS**

defendant herein, shall forfeit to the United States of America, any property constituting, or derived from, proceeds traceable to violations of Title 18, United States Code, Section 1344 a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B) or a conspiracy to commit such offense up to $493,600.

3.   If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants –

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third party;

      c.   has been place beyond the jurisdiction of the court;

      d.   has been substantially diminished in value, or;

      e.   has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any properties of the defendant up to $493,600.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1344, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B); and Title 21, United States Code, Section 853(p).

## FORFEITURE ALLEGATION THREE
(Bank Fraud)

1.   The allegation of Count One of this Information is hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of Title 18, United States Code, Section 982(a)(2)(A).

4

2.      Upon a conviction of the felony offense charged in Count One of this Information,

**BRETT GIBBS**,

defendant herein, shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of violations of, or a conspiracy to violate, Title 18, United States Code, Section 1344, up to $493,600.

3.      If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendants –

     a.      cannot be located upon the exercise of due diligence;

     b.      has been transferred or sold to, or deposited with, a third party;

     c.      has been place beyond the jurisdiction of the court;

     d.      has been substantially diminished in value, or;

     e.      has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any properties of the defendant up to $493,600.

All pursuant to Title 18, United States Code, Section 982(a)(2)(A); Title 18, United States Code, Section 1344; and Title 21, United States Code, Section 853(p).

**DATED**: this 9<u>th</u> day of October 2009.

DANIEL G. BOGDEN
United States Attorney

BRIAN PUGH
Assistant United States Attorney