# SEALED

**Office of the United States Attorney**
District of Nevada
333 Las Vegas Blvd., South, Ste. 5000
Las Vegas, Nevada 89101
(702) 388-6336

1  DANIEL G. BOGDEN
   United States Attorney
2  BRIAN PUGH
   Assistant United States Attorney
3  333 Las Vegas Boulevard South
   Suite 5000
4  Las Vegas, Nevada 89101
   (702) 388-6336
5

6                          **UNITED STATES DISTRICT COURT**

7                               **DISTRICT OF NEVADA**

8                                        **-oOo-**

9  UNITED STATES OF AMERICA,              )
                                          )
10                   Plaintiff,           )    CASE NO.    2:09-cr-419-PMP-LRL ——
                                          )
11         vs                             )    **PLEA MEMORANDUM**
                                          )
12  BRETT GIBBS,                          )
                                          )
13                   Defendant.           )
                                          )
14  ——————————————————————————————————————)

15         The United States of America, by and through Daniel G. Bogden, United States Attorney,

16  and Brian Pugh, Assistant United States Attorney, the defendant, BRETT GIBBS, and the

17  defendant's attorney, John C. Wawerna, submit this plea memorandum.

18                              **I. PLEA  AGREEMENT**

19         The United States and defendant have reached the following plea agreement, which is not

20  binding on the court:

21  **A.    The Plea**

22         Defendant will plead guilty to count one of the information charging bank fraud, in

23  violation of Title 18, United States Code, Sections 1344 and 2.

24  **B.    Additional Charges**

25         The United States will bring no additional charge or charges against defendant arising out

26  of the investigation in the District of Nevada which culminated in this Plea Memorandum.

## C.    Sentencing Guideline Calculations

Defendant understands that the court is required to consider United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence.  Defendant understands that the Sentencing Guidelines are advisory, and that after considering the Sentencing Guidelines, the court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

The parties agree that the following calculations of the United States Sentencing Guidelines apply:

1.    The Base Offense Level is 7 (U.S.S.G. § 2B1.1(a)(1)); and

2.    A twelve-level upward adjustment applies in that the loss exceeded $200,000.00. (U.S.S.G. § 2B1.1(b)(1)(G)).

3.    A 3-level downward adjustment for acceptance of responsibility (U.S.S.G. § 3E1.1) unless defendant (a) does not make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the Court or probation officers; (c) denies involvement in the offense or provides conflicting statements regarding defendant's involvement; (d) attempts to withdraw the guilty plea; (e) engages in criminal conduct; (f) fails to appear in court; or (g) violates the conditions of his pretrial release.

4.    Defendant's Criminal History Category will be determined by the court.

## D.    Other Sentencing Matters

1.    The United States and defendant will recommend that defendant be sentenced at the low end of the Guideline range unless defendant commits any of the acts that could result in a loss of the downward adjustment for acceptance of responsibility.

2.    The parties agree that the Guideline calculations are based on information now known and could change upon investigation by the United States Probation Office.  It is possible that factors unknown or unforeseen by the parties to the plea agreement may be considered in determining the offense level, specific offense characteristics, and other related factors.  In that

2

1    event, defendant will not withdraw defendant's plea of guilty.

2         3.    The stipulations in this agreement do not bind either the United States Probation

3    Office or the court.  Both defendant and the United States are free to: (a) supplement the facts by

4    supplying relevant information to the United States Probation Office and the court, and  (b) correct

5    any and all factual misstatements relating to the calculation of the sentence.

6    **E.**         **Forfeiture**

7         1.    Defendant knowingly and voluntarily agrees to the abandonment, the civil

8    administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture up to $493,600 in

9    United States Currency ("property").

10         2.    Defendant knowingly and voluntarily agrees to abandon or to forfeit the property to

11   the United States.

12         3.    Defendant knowingly and voluntarily agrees to relinquish all right, title, and interest

13   in the property.

14         4.    Defendant knowingly and voluntarily agrees to waive his right to any abandonment

15   proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture

16   proceedings, or any criminal forfeiture proceedings ("proceedings") of the property.

17         5.    Defendant knowingly and voluntarily agrees to waive service of process of any and

18   all documents filed in this action or any proceedings concerning the property arising from the facts

19   and circumstances of this case.

20         6.    Defendant knowingly and voluntarily agrees to waive any further notice to him, his

21   agents, or his attorney regarding the abandonment or the forfeiture and disposition of the property.

22         7.    Defendant knowingly and voluntarily agrees not to file any claim, answer, petition,

23   or other documents in any proceedings concerning the property.

24         8.    Defendant knowingly and voluntarily agrees to waive the statute of limitations, the

25   CAFRA requirements, Fed. R. Crim. P. 7(c)(2), 32.2(a), and 32.2(b)(3), and the constitutional due

26   process requirements of any abandonment proceeding or any forfeiture proceeding concerning the

3

1  property.

2      9.    Defendant knowingly and voluntarily agrees to waive his right to a jury trial on the

3  forfeiture of the property.

4      10.    Defendant knowingly and voluntarily agrees to waive (a) all constitutional, legal,

5  and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim

6  concerning, and (c) any claim or defense under the Eighth Amendment to the United States

7  Constitution, including, but not limited to, any claim or defense of excessive fine in any

8  proceedings concerning the property.

9      11.    Defendant knowingly and voluntarily agrees to the entry of an Order of Forfeiture

10 of the property to the United States.

11     12.    Defendant knowingly and voluntarily agrees and understands the abandonment, the

12 civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property

13 shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any

14 other penalty this Court may impose upon defendant in addition to the abandonment or the

15 forfeiture.

16 **F.    Fines and Special Assessment**

17     1.    Defendant agrees that the court may impose a fine due and payable immediately

18 upon sentencing.

19     2.    Defendant will pay the special assessment of $100 per count of conviction at the

20 time of sentencing.

21 **G.    Restitution**

22     Defendant agrees to make full restitution in an amount to be determined by the Court,

23 which defendant agrees shall include all relevant conduct as determined by the Court. In return for

24 defendant agreeing to make restitution for relevant conduct, the United States agrees not to bring

25 charges against defendant for the conduct giving rise to the relevant conduct. Defendant

26 understands that any restitution imposed by the Court may not be discharged in whole or in part in

4

1    any present or future bankruptcy proceeding.

2    **H.  Waiver of Appeal**

3    In exchange for the concessions made by the United States in this plea agreement,

4 defendant knowingly and expressly waives the right to appeal any sentence that is imposed within

5 or below the applicable Sentencing Guideline range as determined by the Court, further waives the

6 right to appeal the manner in which that sentence was determined on the grounds set forth in Title

7 18, United States Code, Section 3742, and further waives the right to appeal any other aspect of the

8 conviction or sentence, including any order of restitution.  Defendant reserves only the right to

9 appeal any portion of the sentence that is an upward departure or higher than the sentencing

10 guideline range determined by the court.

11    Notwithstanding the stipulations in this agreement, the parties are free to argue on appeal

12 and collateral review that the court's sentencing guidelines calculations are not error.  However,

13 each party agrees to maintain its view that the calculation in paragraph I.C. are consistent with the

14 facts of this case.

15    **I.  Additional Promises, Agreements, and Conditions**

16    1.  In exchange for the United States entering into this agreement, defendant agrees

17 that (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against

18 defendant under Fed. R. Evidence. 801(d)(2)(A) in the following circumstances: (1) for any

19 purpose at sentencing; and (2) in any subsequent proceeding, including a trial in the event

20 defendant does not plead guilty or withdraws defendant's guilty plea, to impeach or rebut any

21 evidence, argument or representation offered by or on defendant's behalf; and (b) defendant

22 expressly waives any and all rights under Fed. R. Criminal P. 11(f) and Fed. R. Evid. 410 with

23 regard to the facts set forth in Section IV of the Plea Agreement to the extent set forth above.

24    2.  The parties agree that no promises, agreements, and conditions have been entered

25 into other than those set forth in this plea memorandum, and will not be entered into unless in

26 writing and signed by all parties.

## J.    Limitations

This Plea Agreement is limited to the United States Attorney's Office for the District of Nevada and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority.  However, this Plea Memorandum does not prohibit the United States through any agency thereof, the United States Attorney's office for the District of Nevada, or any third party from initiating or prosecuting any civil proceeding directly or indirectly involving the defendant including but not limited to proceedings under the False Claims Act relating to potential civil monetary liability or by the Internal Revenue Service relating to potential tax liability.

## K.    Cooperation

1.    Defendant agrees, if requested by the United States, to provide complete and truthful information and testimony concerning defendant's knowledge of all other persons who are committing or have committed offenses against the United States or any state, and agrees to cooperate fully with the United States and any state and local agencies in the investigation and prosecution of such persons.  Defendant agrees that the information provided can be used against him to establish relevant conduct for sentencing purposes.

2.    In the event the United States Attorney decides in the sole discretion of the United States Attorney that the assistance provided by defendant amounts to "substantial assistance" pursuant to U.S.S.G. § 5K1.1, the United States will timely file a motion for downward departure from the applicable Guideline.  The Court has the sole discretion to grant such a motion.

3.    Defendant agrees that a motion for downward departure based on substantial assistance shall not be made under any circumstances unless defendant's cooperation is deemed to be substantial assistance by the United States Attorney.  The United States has made no promise, implied or otherwise, that  defendant will be granted a departure for substantial assistance.  Further, no promise has been made that such a motion will be made even if defendant complies with the terms of this Plea Agreement in all respects but has been unable to provide substantial assistance as determined in the sole discretion of the United States Attorney.

6

4.    The United States agrees to consider the totality of the circumstances, including but not limited to, the following factors, in determining whether, in the sole discretion of the United States Attorney, defendant has provided substantial assistance which would merit a motion by the United States for a downward departure from the applicable Guideline:

a.    The United States' evaluation of the significance and usefulness of defendant's assistance;

b.    The truthfulness, completeness, and reliability of any information or testimony provided by defendant;

c.    The nature and extent of defendant's assistance;

d.    Any injury suffered, or any danger or risk of injury to defendant or defendant's family resulting from defendant's assistance; and

e.    The timeliness of defendant's assistance.

5.    Defendant agrees that in the event the United States files a downward departure motion based upon defendant's substantial assistance, the United States reserves the right to make a specific recommendation to the Court regarding the extent of such a departure. Defendant understands and agrees that the final decision as to how much of a departure, if any, is warranted rests solely with the Court. Defendant specifically acknowledges that defendant has been advised that in any event, the United States will not recommend a sentence of probation, but will in fact recommend a prison term.

6.    Defendant agrees that if the United States determines that defendant has not provided full and truthful cooperation, or has committed any federal, state or local crime between the date of this agreement and defendant's sentencing, or has otherwise violated any provision of this agreement, then (a) the agreement and any of its obligations hereunder may be voided by the United States in its sole discretion, (b) defendant may not withdraw the guilty plea, and (c) defendant shall be subject to prosecution for all federal criminal offenses of which the United

7

1  States has knowledge, including but not limited to, perjury and obstruction of justice. Any such

2  prosecution may be based upon any information provided by defendant or leads derived therefrom.

3        7.     Defendant agrees to submit at the United States' request to any polygraph

4  examination concerning defendant's statements to the United States. Defendant understands that if

5  any test indicates that defendant is being untruthful as to any aspect of defendant's statements to

6  the United States, the United States on the basis of the test alone may determine that defendant has

7  not provided full and truthful cooperation and treat defendant and their agreement in accordance

8  with paragraph 6 above.

9  **II. PENALTY**

10        1.     The maximum penalty for violating Title 18, United States Code, Section 1344, is

11  imprisonment for not more than thirty (30) years, a fine of not more than $1,000,000, or both.

12        2.     Defendant is subject to supervised release for a term of at least two years but not

13  greater than three years.

14        3.     Defendant must pay a special assessment of one-hundred dollars ($100.00) for each

15  count of conviction.

16        4.     Defendant is required to pay for the costs of imprisonment, probation, and

17  supervised release, unless defendant establishes that defendant does not have the ability to pay such

18  costs, in which case the court may impose an alternative sanction such as community service.

19  **III. ELEMENTS**

20        The essential elements of the offense of bank fraud, in violation of 18 U.S.C. § 1344 are

21  as follows:

22        First, the defendant knowingly carried out a scheme or plan to obtain money or property

23  from a financial institution by making false statements or promises;

24        Second, the defendant knew that the statements or promises were false;

25        Third, the statements or promises were material, that is they would reasonably influence a

26  bank to part with money or property;

8

1    <u>Fourth</u>, the defendant acted with the intent to defraud; and

2    <u>Fifth</u>, the financial institution was federally insured.

3                                    **IV.  FACTS**

4    1.    Defendant is pleading guilty because the defendant is  guilty of the charged offense.

5    2.    Defendant specifically admits and declares under penalty of perjury that all of the

6    facts set forth below are true and correct:

7    3.    From in or about January 2005, through in or about February 2007, defendant

8    participated in a conspiracy with Brett Depue and others to submit mortgage loan applications to

9    financial institutions to finance straw buyer real estate purchases in Nevada.

10    4.    Defendant caused false information to be included on straw buyers' loan

11    applications regarding place of employment, income, assets, and intent to occupy the properties so

12    straw buyers would qualify for loans for which they would not otherwise qualify.

13    5.    Defendant caused the loan applications to be forwarded to financial institutions for

14    funding of the mortgages.

15    6.    The false information submitted to lenders was the type of information that is

16    material to a financial institution's decision whether to fund the loans.

17    7.    On or about January 10, 2006, defendant caused a loan application to be sent to

18    U.S. Bank, a federally-insured financial institution, to fund a mortgage loan to purchase a property

19    at 11505Lonepoint Ct., Las Vegas, Nevada, by straw buyer and  coconspirator, Brett Depue.

20    8.    The loan application contained material misrepresentations regarding Depue's

21    employer, monthly income, and intent to occupy 11505Lonepoint Ct., Las Vegas, Nevada.

22    9.    As a result of this fraud, U.S. Bank suffered a loss of approximately $219,000.

23                              **V. ACKNOWLEDGMENT**

24    1.    Defendant, acknowledges by defendant's signature below that defendant has read

25    this Memorandum of Plea Agreement, that defendant understands the terms and conditions, and the

26    factual basis set forth herein, that defendant has discussed these matters with his attorney, and that

9

1    the matters set forth in this memorandum, including the facts set forth in Part IV above are true and

2    correct.

3        2.    Defendant acknowledges that he has been advised, and understands, that by

4    entering a plea of guilty he is waiving, that is, giving up, certain rights guaranteed to him by law

5    and by the Constitution of the United States. Specifically, the defendant is giving up:

6            a.    The right to persist in his plea of not guilty.

7            b.    The right to proceed to trial by jury on the original charges, or to a trial by a

8    judge if defendant and the United States both agree;

9            c.    The right to confront the witnesses against defendant at such a trial, and to

10   cross-examine them;

11           d.    The right to remain silent at such trial, with such silence not to be used

12   against defendant in any way;

13           e.    The right, should defendant so choose, to testify in defendant's own behalf

14   at such a trial;

15           f.    The right to compel witnesses to appear at such a trial, and to testify in

16   defendant's behalf; and

17           g.    The right to have the assistance of an attorney at all stages of such

18   proceedings.

19       3.    Defendant, his attorney, and the attorney for the United States acknowledge that

20   this Plea Memorandum contains the entire agreement negotiated and agreed to by and between the

21   parties, and that no other promise has been made or implied by either defendant, his attorney, or

22   the attorney for the United States.

23                                        DANIEL G. BOGDEN
                                          United States Attorney
24

25   /0-9-09
26   DATED                                BRIAN PUGH

10

1    Assistant United States Attorney

2

3    *10-5-09*
     DATED

     BRETT GIBBS
4    Defendant

5

6    *10-7-09*
     DATED

     JOHN G. WAWERNA
7    Counsel for Defendant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

11